UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| LILLIAN RENEE DOWELL a/k/a | * CHAPTER 7 |
| L. RENEE DOWELL a/k/a | * |
| LILLIAN R. ARNOLD, | * |
|     Debtor | * |
| | * Case No. 1-04-02063 |
| AMERICREDIT FINANCIAL | * |
| SERVICES, INC., | * |
|     Movant | * |
| v. | * |
| LILLIAN RENEE DOWELL a/k/a | * |
| L. RENEE DOWELL a/k/a | * |
| LILLIAN R. ARNOLD, | * |
|     Respondent | * |



## OPINION

### Procedural History

Americredit Financial Services, Inc. (AFS) initiated the instant matter by filing a Motion for relief from the automatic stay on April 23, 2004. AFS alleged that it holds a purchase money security interest in a 1998 Jeep Wrangler owned by Debtor, who had defaulted in payment on that interest for the three month period immediately preceding the filing of her bankruptcy petition on April 6, 2004. Debtor's Answer to the motion denied that she was in default. It averred that she had brought the account current through a deferment agreement with AFS. On April 23, 2004, the Court issued a notice setting the matter for a hearing on May 19, 2004. At the hearing, AFS appeared without a witness, but counsel for both sides made arguments regarding the case and the Court ordered the parties to file stipulated facts and briefs upon which the Court could render a

1

decision. AFS filed a brief on June 17, 2004. Debtor filed a brief on June 18, 2004. No stipulated facts were filed.

The matter is ready for decision. I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(G). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Discussion

The first paragraph of the instant Motion states that the basis for the Motion is Section 362(d)(1) of the Bankruptcy Code, which allows a creditor to obtain relief from the automatic stay "for cause." 11 U.S.C. §362(d)(1). Under this section, a movant bears the burden of making an initial showing of its cause. *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr.D.N.J 1999); *In re Holly's, Inc.*, 140 B.R. 643 (Bankr.W.D.Mich.1992). If the movant fails to make its initial showing, courts have denied relief without requiring any showing from the debtor that it is entitled to continued protection. *Telegroup*, at 91.

In the instant case, Movant had ample notice of the date of the hearing but did not produce any witnesses or introduce any exhibits at that time. The parties were directed by the Court to file stipulations of fact, but they failed to do so. This failure must inure to Movant's detriment, since Movant bears the burden of proof. Movant's brief refers to an affidavit from one of its employees as proof of its case, but an affidavit is not subject to cross examination and cannot provide a basis for the Court to make findings of fact in this case. *See, In re Hooker Investments*, 116 B.R. 375 (Bankr. S.D.N.Y. 1990) (affidavit attached to memorandum of law in motion for sanctions for violation of stay could not

2

provide basis for court to make finding of fact in favor of movant offering affidavit). Movant did not request that this matter be re-listed for a hearing, and so it is presumable that Movant has no better evidence to present or no desire to pursue the matter more formally.[1] Under these circumstances, Movant has failed to bear its burden of making an initial showing of its cause for relief from the automatic stay. Therefore, the Motion will be denied.

BY THE COURT

_____
MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA

---

[1] Moreover, apparently by oversight, no affidavit was actually attached to Movant's brief.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| LILLIAN RENEE DOWELL a/k/a | * | CHAPTER 7 |
| L. RENEE DOWELL a/k/a | * | |
| LILLIAN R. ARNOLD, | * | |
| Debtor | * | |
| | * | Case No. 1-04-02063 |
| AMERICREDIT FINANCIAL | * | |
| SERVICES, INC., | * | |
| Movant | * | |
| | * | |
| v. | * | |
| | * | |
| LILLIAN RENEE DOWELL a/k/a | * | |
| L. RENEE DOWELL a/k/a | * | |
| LILLIAN R. ARNOLD, | * | |
| Respondent | * | |

## ORDER

AND NOW, this 7th day of July, 2004, the Motion for relief from stay filed by Americredit Financial Services, Inc. in the instant case is hereby denied.

BY THE COURT

MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA